UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AnJanette Green, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-10-1076 |
| | § | |
| FedEx Freight, Inc., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

Karl and AnJanette Green – a married couple – sued FedEx Freight, Inc., claiming that it discriminated and retaliated against each of them. Their claims will not survive as a matter of law.

2.    *Karl Green.*

In May of 1994, FedEx hired Karl, a black male, as a truck driver. On January 23, 2008, four tires on his empty trailer were flattened by being dragged for four-tenths of a mile. FedEx fired Karl in February of 2009. He says that FedEx discriminated against him by terminating him and treating younger white workers more favorably. He also says that it retaliated against him for his wife's protected activities.

A.    *Discrimination.*

Karl says that FedEx discriminated against him because of his race and age. The analysis laid out in *McDonnell Douglas Corp. v. Green* governs. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Even if Karl established a prima facie case, FedEx had a legitimate reason for firing him. It terminated him because he destroyed company property – four trailer tires – and lied about what happened. He reported that the tires were cut; however, each tire was identically damaged – starting broadly across the tire from the center and growing in intensity toward the holes'

centers.  From this FedEx concluded that Karl dragged the tires on the pavement until the friction melted them and grinded through the rubber.  Karl destroyed FedEx's property. Destroying company property and lying to the company are both legitimate, nondiscriminatory reasons to fire someone.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)

No evidence supports Karl's claim that FedEx's reasons were pretextual or that FedEx treated him differently than other similarly situated employees. He offers no evidence, exclusive of conclusory statements to show that its reason was pretextual or involved other motivating factors.

B.      *Retaliation.*

Karl says that FedEx retaliated against him because of his wife's protected activities. Because Karl did not engage in protected activity, his claim is barred; he must have engaged in a protected activity to have a retaliation claim and may not rely on activities of another.  *Holt v. JTM Industries, Inc.*, 89 F.3d 1224 (5th Cir. 1996).

3.      *AnJanette Green.*

FedEx hired AnJanette, a black female, in 1997.  She remains employed at FedEx.  She says that FedEx discriminated against her racially and retaliated against her for opposing its discriminatory practices.  Specifically, she complains of not being hired for two jobs.

A.      *Discrimination.*

AnJanette says FedEx discriminated against her because of her race.  A critical element in a plaintiff's prima facie showing of discrimination is an adverse employment action.  Here, FedEx took no adverse action against AnJanette.

AnJanette says that she was denied a position in FedEx Freight System, Inc. – a separate and distinct entity from this defendant, FedEx Freight, Inc.  FedEx had no authority over System's hiring processes.  FedEx did not make the employment decision for that job; it is not responsible.

While AnJanette objects to not being hired by Systems, she never applied for the job, a necessary step to be considered, much less for complaining.  Even if FedEx could be responsible, Systems hired a black male, showing that her race was not a factor in FedEx's hiring decision.

AnJanette also says that she was denied a second position – office associate dispatch – in the department where she currently works. The job of "office associate dispatch" does not exist. She confuses duties within a particular position – field office associate – as a different job. It is not. It is a singular job title with different duties. Again, she did not apply for a job called "office associate dispatch" as it does not exist. Declining to reassign duties within a particular position is not an adverse employment action.

Because she did not apply for either position and because FedEx took no adverse employment action against her in either situation, she cannot show that it discriminated.

B.      *Retaliation.*

AnJanette says FedEx retaliated against her because she assisted other employees in making claims of race and gender discrimination. She also says that FedEx's termination of Karl was the most egregious act of retaliation against her.

Once again, to show a prima facie case of retaliation, AnJanette must show that *she* suffered a materially adverse employment action. She cannot; she kept her job and responsibilities – no harm befell her at work.

Moreover, FedEx fired Karl for legitimate, nondiscriminatory reasons – destroying company property and lying to its agents. Even if she showed an adverse employment action, she would have to show a causal link between the adverse employment action and protected conduct. *Washburn v. Harvey*, 504 F.3d 505, 510-11 (5th Cir 2007). Because she cannot show that Karl would not have been fired but for her assisting the other employees, her claim fails.

C.      *Harassment and Hostile Work Environment.*

AnJanette also accuses FedEx of harassment and of creating a hostile work environment. Because she did not raise these claims in her charge of discrimination with the Equal Employment Opportunity Commission, she is barred from asserting them in this court. Further, she has presented no evidence to support these accusations. Also, those labels are not separate claims; they are both forms that discrimination can take. She has no data, no events, and no specifics – just an accusation.

4.      *Conclusion.*

As a matter of law neither Karl nor AnJanette Green have shown discriminatory conduct by FedEx.

Karl Green will take nothing from FedEx Freight, Inc.  AnJanette Green will take nothing from FedEx Freight, Inc.

The egregious emptiness of this couple's claims may be the predicate for a monetary sanction for their having been brought and continued without foundation.  If FedEx Freight, Inc., is interested in a corrective sanction, it may move for it by March 1, 2011.

Signed February 16, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge